IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of C.C., a person under eighteen years of age. | ) ) ) ) | PER CURIAM DECISION |
| _____ | ) | Case No. 20120564-CA |
| V.M., | ) ) | F I L E D |
| | ) | (September 20, 2012) |
| Appellant, | ) | |
| | ) | 2012 UT App 265 |
| v. | ) ) | |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1055287
The Honorable James R. Michie Jr.

Attorneys:     Jessica T. Taylor, Salt Lake City, for Appellant
               Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
               Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Orme, Davis, and Thorne.

¶1     V.M. (Mother) appeals the termination of her parental rights. Mother does not challenge the juvenile court's determination that grounds for termination exist. Her only challenge on appeal is to the juvenile court's decision that it was in C.C.'s best interest to terminate Mother's parental rights and allow C.C. to be adopted. We affirm.

¶2     Mother argued in the juvenile court that one-year-old C.C. should be placed in permanent custody and guardianship, rather than being adopted, and that Mother should retain the right to visit or contact C.C. Because Mother does not argue that she should regain custody, nor does she dispute the juvenile court's determination that the State had proven several grounds for termination, we review only the decision "that termination of the parent's rights is in the best interests of the child." *In re A.C.M.*, 2009 UT 30, ¶ 23, 221 P.3d 185 (stating that after the court finds that grounds for termination exist, the court must determine whether termination of parental rights is in the child's best interests). "Because of the factually intense nature of such an inquiry, the juvenile court's decision should be afforded a high degree of deference." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. "Thus, in order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *Id.* (internal quotation marks and citation omitted). "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.*

¶3     Although Mother exhibited good or excellent parenting skills in supervised settings, her habitual and continuous use of controlled substances interfered with her ability to be a parent to C.C. He was removed from Mother's custody when he was just two months old, and he has resided for most of his young life in the same legal risk foster home. The juvenile court found that the foster home was a stable, loving home where C.C. was doing well and his needs were being met. The foster parents wished to adopt C.C. In contrast, a five-week trial home placement with Mother ended unsuccessfully when Mother relapsed and was discharged from her residential substance abuse treatment program. Mother does not seek to regain custody of C.C., but she does seek to retain parental rights, which would prevent C.C. from being adopted. After receiving notice of the date of trial, Mother elected not to attend the termination trial either in person or by telephone. The juvenile court's decision that the termination of Mother's parental rights was in C.C.'s best interest is amply supported by the evidence presented to the juvenile court.

¶4    Because a foundation exists in the record for the juvenile court's determination that it would be in the best interest of C.C. to terminate Mother's parental rights and allow him to be adopted, we affirm the decision to terminate Mother's parental rights.

_____
Gregory K. Orme, Judge


_____
James Z. Davis, Judge


_____
William A. Thorne Jr., Judge